COMPANIA DE LAS FABRICAS DE PAPEL DE SAN RAFAEL Y ANEXAS, S. A., v. BAGLEY & SEWALL CO.

CARTONERA NACIONAL, S. A. v. BAGLEY & SEWALL CO.

Civ. Nos. 3537, 3538.

United States District Court, N. D. New York.

March 6, 1950.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, Clarence U. Carruth, Jr., Hamilton Hicks, New York City, Brown, Hubbard, Felt & Fuller, Utica, N. Y., of counsel, for plaintiffs.

Charles A. Phelps, Watertown, N. Y., Claude H. Dunk, Watertown, N. Y., Lewis C. Ryan, Benjamin E. Shove, Syracuse, N. Y., of counsel, for defendant.

FOLEY, District Judge.

By separate notices of motion, the defendant attacks the amended complaints in the two actions herein. The actions are similar in their nature and inasmuch as the relief requested by the defendant in its challenges to the complaints is the same, the motions can be discussed as one. As designated by the attorneys for convenience, the "San Rafael" complaint involves five claims, the "Cartonera" complaint sets forth six claims. The notices of motion itemize the particular reasons in reference to the complaints which the defendant relies upon to support the alternative relief it seeks.

The request for dismissal must be denied. The dismissal would have to be predicated upon Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S. C.A. There is no basis in such provision nor in the law for a dismissal because there is no allegation of damage contained in the claim. The complaints do contain demands for money damages and set forth—even if we consider the pleading in respect to damages faulty—claims upon which relief can be granted.

In any event, it seems the defendant stresses and places reliance mainly upon the alternative relief that the claims are not set forth with sufficient particularity to enable the defendant to properly prepare its answer. For that reason, the defendant seeks a more definite statement based apparently upon the new wording of Rule 12(e) of the Rules, that such pleadings (complaints) are so vague or ambiguous that the defendant cannot reasonably be required to frame responsive pleadings; i. e., answers.

The Federal Rules of Civil Procedure were created in an atmosphere of extreme liberality. They were designed, and have been so construed, to obviate the abhorrent technicalities which sometimes arise in procedural problems. In a situation as presented herein, it must be remembered that practicality is at times a much greater virtue than patience.

From my reading of the complaints, it is my judgment that they can reasonably be answered by the defendant. The bulk of the money damages are set forth specifically in relation to the "Fifth" and "Sixth" claims of the respective complaints. The remainders, which are easily ascertainable by simple subtraction, are sufficiently related to the preceding claims in each complaint. In my opinion if the plaintiffs are in error at all, they err on the side of too much detail in setting forth the separate counts or claims arising from the alleged breach of single contracts. The complaints, under the circumstances involved in the transactions, are in substantial accord with Rule 10(b) of the Federal Rules in stating the separate claims. I cannot agree that Rule 8(a) compels the demand for damages to be set forth in each claim although in many instances such pleading might be the better draftsmanship. It does not seem an undue burden upon the defendant to meet the issue of damages as set forth in the complaints by the usual denials because the broad remedy of discovery is available under the rules, and the final computation of damages must necessarily depend upon proof at a trial.

However, in my judgment, there is confusion created by the commingling of the allegations of preceding claims, which are assumed to be self-sufficient, by realleging them in following claims which should also be self-sufficient. As indicated by the plaintiffs in their brief, it would be much simpler to confine such prior allegations to the general allegations surrounding the contracts which only are necessary to support the separate claims. With this minor surgery, I cannot hold that the complaints

are vague and ambiguous. The motions of the defendant are granted only to the limited extent indicated herein. The answers of the defendant shall be served ten days after the receipt of complaints amended as herein indicated.

An order may enter accordingly.